UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHANNON R. MOORE, | ) |
| Plaintiff, | ) ) ) |
| | ) 2:21-cv-00220-JAW |
| JOHN AND JANE DOE, et al. | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING MOTION TO DISMISS**

On July 12, 2021, Shannon Moore filed a complaint in state of Maine Superior Court for Cumberland County against John and Jane Doe, Reneau J. Longoria, and Does 1 through 99. *Notice of Removal*, Attach. 1, *Compl.* (ECF No. 1); *State Ct. R.*, Attach. 1, *Docket R.* at 1 (ECF No. 6). On September 13, 2021, Reneau J. Longoria answered the complaint. *Def.'s Answer to Compl.* (ECF No. 7). The docket does not reveal that any potential defendant other than Ms. Longoria has been served. On January 25, 2022, Ms. Longoria filed a motion to dismiss the complaint. *Def.'s Mot. to Dismiss* (ECF No. 17). Ms. Moore was required to respond by February 15, 2022. She has not done so.

Under District of Maine Local Rule 7(b), "[u]nless within 21 days after the filing of a motion the opposing party filed written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. ME. LOC. R. 7(b). Under First Circuit law, Ms. Moore's failure to object to Ms. Longoria's motion to dismiss is alone sufficient to grant Ms. Longoria's motion to dismiss based on waiver. *ITI Holdings, Inc. v. Odom*, 468 F.3d 17, 18 (1st Cir. 2006)

(affirming dismissal based on failure to object to motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)); *Wilson v. Clinton*, No. 2:17-cv-00409-GZS, 2018 U.S. Dist. LEXIS 123231, at *5 (D. Me. July 24, 2018), *aff'd* 2018 U.S. Dist. LEXIS 157773 (D. Me. Sept. 17, 2018) ("Plaintiff's lack of objection to Defendants' motion to dismiss . . . may be deemed a waiver of objection to the argument and thus provides further support for Defendants' request for dismissal").

To make certain, however, that equity would not be offended by the dismissal of the Complaint, the Court reviewed Ms. Moore's Complaint and Ms. Longoria's motion to dismiss. *See Cote v. Barnhart*, No. 1:12-cv-00081-NT, 2012 U.S. Dist. LEXIS 152863, at *2 (D. Me. Sep. 21, 2012) ("The only limitation on this discretion is that an order dismissing the case must 'not clearly offend equity' or be inconsistent with the Federal Rules of Civil Procedure") (quoting *Nepsk, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002)).

The Court reviewed Ms. Moore's Complaint and agrees with Ms. Longoria that it is very difficult to understand what claim Ms. Moore is bringing against her. Ms. Moore does not use traditional legal terminology, saying that her pleading is a claim, not a complaint, and that she is a claimant or prosecutor, not a plaintiff. *Compl.* at 2. She alleges that her pleading sounds in the "wrong of trespass" and "forgery." *Id.* at 1. Moreover, Ms. Moore's claim lies against "JOHN/JANE DOE; AN UNIDENTIFIED PERSON; OWNER and or CREATOR and or PRINCIPAL of **U.S. BANK N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST**; and

Reneau J. Longoria; [a] [wo]man; RENEAU J. LONGORIA; [A] PERSON; PURPORTED AGENT FOR JOHN/JANE DOE." *Id.* at 2 (emphasis in original).

It is difficult to place in a traditional legal context what Ms. Moore is claiming. However, it appears that she is suing Ms. Longoria as the agent of the founder or founders of U.S. Bank, N.A. If so, her Complaint has no legal foundation because Ms. Longoria is at least two giant steps away from U.S. Bank, which is a corporation, and there are no allegations that would allow this Court to pierce U.S. Bank's corporate veil and reach Attorney Longoria.

In sum, because Ms. Moore failed to respond to the motion to dismiss and because her Complaint is legally defective, the Court GRANTS Reneau J. Longoria's Motion to Dismiss Complaint (ECF No. 17).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2022

3